Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

*Additional Attorneys On Signature Page*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY HUSSIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEB.COM GROUP, INC.,<br><br>Defendants. | Case No.   **'14 CV 2612 DMS NLS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tammy Hussin ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon

personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Web.com Group, Inc. ("Defendant"), in negligently, knowingly, and/or willfully placing sales, solicitations and/or other telemarketing calls to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated is the state of Delaware.  Plaintiff also seeks $500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.   Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the San Diego County.

## PARTIES

4.     Plaintiff, Tammy Hussin ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.     Defendant, Web.com Group, Inc. ("Defendant"), is a nationwide website design specializing in design and custom-built websites and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6.     Beginning in or around June of 2014, Defendant contacted Plaintiff on his cellular telephone number ending in -3930 approximately three (3) times, in an effort to sell or solicit its services.  As an illustrative example, Defendant contacted or attempted to contact Plaintiff on or around June 20, 2014 at 9:53 a.m., and June 26, 2014 at 1:17 p.m.

7.     Plaintiff is informed, and thereon believes that Defendant contacted or attempted to contact Plaintiff because Defendant had noticed that Plaintiff's website had not yet gone "live" and Defendant wished to know if Plaintiff would be needing web design assistance.

8.     Defendant contacted or attempted to contact Plaintiff from telephone number (855)817-4548.

9.     Plaintiff is not a customer of Defendant, has never provided any personal information, including her home telephone number, to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the filing of the instant Complaint.

10.     All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*. Each        time answering a call from Defendant, Plaintiff experienced 5-10 seconds of dead air and was then connected to a live representative.  The 5-10 seconds of dead air is indicative of the use of an "automated telephone dialing system."

11.     Furthermore, while Plaintiff was speaking with Defendant's agent, inquiring how Defendant acquired Plaintiff's number, Defendant's agent admitted that Plaintiff had not signed up for any services with Defendant.

12.     Defendant's calls constituted calls that were not for emergency

purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

13.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

14.    Defendants, their employees and agents are excluded from The Class.  Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

15.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

16.    Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their personal telephones despite Plaintiff and The Class invoking their rights afforded by the National Do Not Call Registry to be free of unwanted telemarketing calls at their private residences, thus invading the privacy

of said Plaintiff and Class members.

17.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

        a.  Whether, within the four years prior to the filing of this Complaint, Defendants made any sales or solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member who did not have a business relationship with Defendants within eighteen (18) months prior to receiving said calls;

        b.  Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

        c.  Whether Defendants should be enjoined from engaging in such conduct in the future.

18.    As a person that received sales/solicitation calls from Defendants on a cellular telephone, without prior consent to do so, and who had no previous business relationship with Defendants, Plaintiff is asserting claims that are typical of The Class.

19.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

20.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all

Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

21.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

22.    Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

23.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

25.    As a result of Defendants' violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

26.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act
47 U.S.C. §227 et seq.**

- As a result of Defendants's violations of *47 U.S.C. §227, et seq.*, Plaintiff and the Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)(B)*; and
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer
Protection Act
47 U.S.C. §227 et seq.**

27.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

29.    As a result of Defendants' violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $1,500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. 227(b)(3)(C)*. .

30.    Plaintiff and the Class members are also entitled to and seek

injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

///
///
///
///
///
///
///
///
///
///
///

## **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendants's violations of *47 U.S.C. §227, et seq.,* Plaintiff and the Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 29th Day of October, 2014.

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA, 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff